IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CAROL L. HALL, ) | |
| ) | CIVIL ACTION NO. 0:07-517-HFF-BM |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| Defendant. ) | |

This action was filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 405(g), which is the statute whereby claimants can seek judicial review of the final decision of the Commissioner of Social Security. In her Complaint, Plaintiff seeks "benefits in addition to pain/suffering[ ] Financial distress[ ] Acceptance of benefits by SSA[.]" Plaintiff alleges "[r]efusal [apparently by the SSA] to pay or non-receipt of benefits approval through Agency (SSA) all complaints exhausted[.]"

The Defendant filed a motion to dismiss the Complaint on July 19, 2007, asserting that this Court lacks jurisdiction over the subject matter of this action because there has been no "final decision" of the Commissioner as required by statute. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on August 14, 2007, advising Plaintiff of the importance of a motion to dismiss and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to adequately respond, the Defendant's motion may be granted, thereby ending this case. Plaintiff subsequently filed a motion for extension of time to respond to the motion, which was granted on September 19, 2007. The deadline for Plaintiff to respond to Defendant's motion was re-set for October 4, 2007; however, notwithstanding having been granted an extension



of time to respond, Plaintiff failed to file any response to the Defendant's motion,[1] which is now before the Court for disposition.[2]

As an attachment to its motion to dismiss, the Defendant has submitted an affidavit from Carol Jones, acting Chief of the Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Jones attests that her office administers a nationwide hearings and appeals program, including hearings and appeals by Appeals Councils and Administrative Law Judges who hold hearings on claims arising under the Social Security Act. Jones attests that one function of the Appeals Council is to act on requests for review of hearing decisions made by Administrative Law Judges, and that if the Appeals Council denies a timely request for review of a hearing decision, that hearing becomes the "final decision" within the meaning of, and subject to, the provisions for judicial review in § 405(g).

Jones attests that she has examined the Plaintiff's file, which reflects that Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on October 25, 2004. Jones attests that by notice dated May 20, 2006, Plaintiff was informed that she had been found disabled beginning November 1, 2005, and that she was entitled to monthly benefits beginning April 2006. Jones attests that this notice advised Plaintiff that she had a right to appeal

---

[1] Plaintiff did submit some material to the Court on October 5, 2007, which was returned by the Clerk for being in violation of the requirements of the Court's order of September 19, 2007. Nevertheless, this attempted filing by the Plaintiff did not address the Defendant's motion, or offer any defense to the dismissal of Plaintiff's claims.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(a) and (e), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



this determination by requesting a hearing before an administrative law judge, but that Plaintiff never filed a request for a hearing. See also, Jones Affidavit, Exhibit 1.

Jones further attests that pursuant to a form dated May 16, 2006, the South Carolina Worker's Compensation Commission had advised the Social Security Administration that the Plaintiff had a claim pending with a payment effective date of August 9, 2004 and continuing, in the weekly amount of $536.77. See also Jones Affidavit, Exhibit 2. Plaintiff was therefore notified in a letter dated June 12, 2006 that, because she was receiving worker's compensation benefits, she had been overpaid Social Security benefits for April 2006 and May 2006, and that the SSA could therefore not pay her DIB beginning May 2006. See also, Jones Affidavit, Exhibit 3. By a separate letter dated June 15, 2006, Plaintiff was notified that she had been found disabled beginning November 2005, but was not eligible to receive SSI payments due to her countable income. This notice provided Plaintiff the right to request reconsideration of this determination. See also Jones Affidavit, Exhibit 4. Jones attests that Plaintiff did not request reconsideration of either the DIB determination or the SSI determination.

Finally, Jones attests that after Plaintiff filed her Complaint in the United States District Court on February 22, 2007, the electronic records maintained by the Social Security Administration reflected that on April 21, 2007 the Worker's Compensation offset was removed from the computation of Plaintiff's DIB, with an indication that she had never received worker's compensation payments. See also Jones Affidavit, Exhibit 5. Plaintiff was therefore notified by letter dated April 27, 2007, that in May 2007 she would receive past due DIB effective May 2006, with ongoing monthly DIB thereafter. See also, Jones Affidavit, Exhibit 6.

Based on this evidence, Defendant argues that this case should be dismissed because



there was never a "final decision made after a hearing", which is a prerequisite to Plaintiff being able to file a civil lawsuit in this Court under § 405(g). See 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900(a)(5), 404.901, 416.1400(a)(5), 416.1481, 422.210; Califano v. Sanders, 430 U.S. 99, 108 (1977). The undersigned agrees. Defendant also argues that, since the filing of this action, Plaintiff has been paid all disability insurance benefits to which she is currently entitled from May 2006, and that to the extent this is the claim she is asserting, her claim concerning entitlement to disability insurance benefits should therefore be dismissed as moot. *Cf.* Powell v. McCormack, 395 U.S. 486, 496 (1969) ["[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."]. Again, the undersigned agrees.

Plaintiff has offered no exhibits, or even any argument, to dispute either of the grounds cited by the Defendant for dismissal of her case. Therefore, based on the affidavit and exhibits before this Court, the Defendant is entitled to dismissal of this case and the Defendant's motion should be granted.

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion to dismiss be **granted**, and that this case be **dismissed** with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina
October  12 , 2007



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>   Larry W. Propes, Clerk
>   United States District Court
>   901 Richland Street
>   Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

5

