IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CAROL L. HALL, ) | CIVIL ACTION NO. 0:07-0517-SB-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

This action was originally filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 405(g), which is the statute whereby claimants can seek judicial review of the final decision of the Commissioner of Social Security. In her Complaint, Plaintiff sought "benefits in addition to pain/suffering[ ] Financial distress[ ] Acceptance of benefits by SSA[.]" Plaintiff alleged "[r]efusal [apparently by the SSA] to pay or non-receipt of benefits approval through Agency (SSA) all complaints exhausted[.]"

The Defendant filed a motion to dismiss the Complaint on July 19, 2007, asserting that this Court lacked jurisdiction over the subject matter of this action because there had been no "final decision" of the Commissioner as required by statute. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on August 14, 2007, advising Plaintiff of the importance of a motion to dismiss and of the need for her to file an adequate response. Plaintiff was specifically

advised that if she failed to adequately respond, the Defendant's motion may be granted, thereby ending this case. Plaintiff subsequently filed a motion for extension of time to respond to the motion, which was granted on September 19, 2007. However, notwithstanding having been granted an extension of time to respond to the Defendant's motion to dismiss, Plaintiff failed to file any response to the Defendant's motion.

Therefore, a Report and Recommendation was entered on October 12, 2007, recommending that the Defendant's motion to dismiss be granted and that the case be dismissed with prejudice. That Report and Recommendation included a notice of right to file objections, with a further warning that a failure to timely file specific written objections to the Report and Recommendation would result in a waiver of any right to appeal from a judgment of the District Court based upon the recommendation. Plaintiff again failed to file any response, and by Order entered October 31, 2007, the Report and Recommendation was adopted, the Defendant's motion was granted, and this case was dismissed.

Some seven and a half years later, Plaintiff has now filed a motion re-open her case. In this motion, Plaintiff asserts that she is entitled to reopen this case "because of the same information . . . concerning the disposition or status of [her] title benefits . . . .". Plaintiff notes in her motion that the "time-frame" of her Complaint began with her "2005 [SSA] payment", including the "benefits repaid to SSA" in or since June 2006. Plaintiff has attached numerous documents to her motion, which relate to the claim initially asserted by Plaintiff in her original lawsuit, most of which also predate the filing of the final order in this case. The Defendant has filed a response to Plaintiff's motion, correctly noting that Plaintiff's motion does not meet the criteria necessary to establish a right to have her case reopened, and asking that Plaintiff's motion be denied.



2

## Discussion

After careful review and consideration of the Plaintiff's motion and Defendant's memorandum in opposition together with the underlying original case docket, the undersigned finds and concludes that the Plaintiff's motion must be denied. When a motion is filed after entry of judgment seeking to have a case reopened, courts typically construe it as either a motion to alter or amend a judgment pursuant to Rule 59(e), Fed.R.Civ.P., or a motion for relief from a judgment or order pursuant to Rule 60(b), Fed.R.Civ.P. See In re Burnley, 988 F.2d 1, 2 (4th Cir. 1992). With respect to a motion to alter or amend the judgment pursuant to Rule 59, this Rule provides, in part, that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment". As noted, the motion before the Court was filed some seven and a half years after judgment was entered in this case. Therefore, Plaintiff is not entitled to relief under Rule 59(e).

With respect to Rule 60, a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

See Rule 60(b), Fed. R. Civ. P.

With respect to reasons 1, 2 and 3, the motion must be made no more than a year after the entry of



3

judgment or order. See Rule 60(c)(1), Fed.R.Civ.P. Plaintiff has clearly failed to establish this requirement, nor is there any indication in Plaintiff's filing that she meets the requirements for reasons 4 or 5.

With respect to reason 6, truly "extraordinary circumstances" are required to justify a successful invocation of Rule 60(b)'s "any other reason" clause. Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011), citing to Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863, n. 11 (1988); see also Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 118 n. 2 (4th Cir. 2000). Plaintiff has presented nothing to justify relief pursuant to Rule 60(b)(6). Construing her motion liberally, she merely addresses the merits of the underlying judgment and the Commissioner's decision with respect to her benefits. However, the record in this case shows that Plaintiff was given ample opportunity to address her claims, and that her claims were reasonably considered. There is no basis in the record on which the Court could find that the judgment is unjust. Cf. Murchison v. Astrue, 466 F.App'x. 225, 228-229 (4th Cir. 2012) [Noting that relief based on "any other reason that justifies relief" is appropriate only under "extraordinary circumstances"; that is, under circumstances "create[ing] a substantial danger that the underlying judgment was unjust"], citing to Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir. 1986); see also Chalmers v. Winston, 5 F. App'x 214, 215 (4th Cir. 2011).

### Conclusion

Based on the foregoing, it is recommended[1] that the Plaintiff's motion to reopen her case be **denied**.

---

[1]As a motion to reopen or for relief from a judgment or order is dispositive, a Report and Recommendation is required. In re Brown, 409 Fed.App'x. 591, 592-593 (3d Cir. Jan. 21, 2011).



The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 13, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

