IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carol L. Hall, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Carolyn W. Colvin, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 0:07-517-SB<br><br>**ORDER** |

This matter is before the Court upon the Plaintiff's motion to reopen her case. The record includes the report and recommendation ("R&R") of United States Magistrate Judge Bristow Marchant, which was made in accordance with Local Civil Rule 73.2(B)(2)(d) for the District of South Carolina and 28 U.S.C. § 636(b)(1)(A). In the R&R, the Magistrate Judge outlined the issues and determined that the Plaintiff is not entitled to reopen her case, either under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure.[1]

With respect to Rule 59(e), the Magistrate Judge noted that a motion to alter or amend must be filed within 28 days, but the Plaintiff did not file the instant motion for some seven-and-a-half years. With respect to Rule 60, the Magistrate Judge noted, again, that the motion was untimely. In addition, the Magistrate Judge noted that the Plaintiff has not shown that the judgment is void, that the judgment has bene satisfied or discharged, or that any other extraordinary circumstances justify relief.



---

[1] As the Magistrate Judge noted in the R&R, the Plaintiff originally filed this action in 2007 pursuant to 42 U.S.C. § 405(g), seeking benefits from the Social Security Administration. When the Plaintiff failed to respond to the Defendant's motion to dismiss, despite the Court granting her an extension of time to do so, the Magistrate Judge issued an R&R on October 12, 2007, recommending that the Court grant the Defendant's motion to dismiss. The Plaintiff failed to file objections to the R&R, and on October 31, 2007, this Court adopted the R&R and dismissed this case.

Attached to the Magistrate Judge's R&R, which was filed on July 13, 2015, was a notice advising the Plaintiff of her right to file written objections to the R&R within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, no objections were filed, and the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court adopts the R&R (Entry 53) and denies the Plaintiff's motion to reopen her case (Entry 44).

**AND IT IS SO ORDERED.**

August **3**, 2015
Charleston, South Carolina

Sol Blatt, Jr.
Senior United States District Judge

2